**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL ROSENBERG,<br>3511 NW 91st Avenue,<br>Doral, FL 33172,<br><br>MIAMI HERALD MEDIA COMPANY<br>3511 NW 91st Avenue,<br>Doral, FL 33172<br><br>                Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE,<br>1400 Defense Pentagon,<br>Washington, DC 20301-1400,<br><br>                Defendant. | Docket No. _____<br><br><br><br>**COMPLAINT** |

Plaintiffs Carol Rosenberg and the Miami Herald Media Company, by their undersigned attorneys, allege:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, challenging an agency's failure to expedite the processing and disclosure of a narrow, clearly defined and easily located set of records sought by a reporter in the aftermath of last November's presidential election. The FOIA request was time sensitive. The records requested were highly relevant to a breaking news story—the anticipated consideration by the President-elect of retired Marine Corps General John F. Kelly for appointment to a cabinet-level position in the new administration. By failing to grant expedited processing in this circumstance, Defendant United States Department of Defense ("DOD") unquestionably

failed to satisfy its statutory obligations.  Its conduct defeated FOIA's core goal of making information about the activities of government agencies and officials available in a *timely* manner, to enable public debate and democratic oversight.  General Kelly has long-since been nominated, and confirmed by the Senate as the new Secretary of the Department of Homeland Security, but the requested records still have yet to be disclosed.

2. Specifically at issue is a FOIA request submitted on November 11, 2016, by *Miami Herald* reporter Carol Rosenberg, seeking expedited release of email correspondence between General Kelly and President Obama's Homeland Security Advisor, Lisa Monaco. DOD summarily denied Ms. Rosenberg's request for expedited processing and rejected her urgent administrative appeal, notwithstanding General Kelly's then-pending cabinet nomination.

3. In this action, Ms. Rosenberg and the Miami Herald Media Company seek declaratory, injunctive, and other relief for DOD's failure to fulfill its statutory obligations. Plaintiffs also seek expedited treatment of this Complaint pursuant to 28 U.S.C. § 1657.

**THE PARTIES**

4. Plaintiff Carol Rosenberg is the award-winning military affairs reporter for the *Miami Herald*.  She has reported for the *Miami Herald* since September 1, 1990, and is the *Miami Herald*'s primary reporter of news concerning Guantánamo Bay.  She has covered Guantánamo Bay continuously since before the first captives arrived in January 2002.

5. Plaintiff Miami Herald Media Company is publisher of the *Miami Herald,* a highly-acclaimed daily newspaper headquartered in Doral, Florida. Since 1903, the *Miami Herald* has produced prolific and award-winning coverage of local, regional and national news.

6. Defendant DOD is a department within the Executive branch of the United States government and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

7. From November 19, 2012, until January 14, 2016, General Kelly was commander of SOUTHCOM, a component of DOD responsible for American military operations in Central America, South America and the Caribbean. Accordingly, SOUTHCOM is the relevant FOIA authority for the FOIA request at issue.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-06.

9. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

10. Ms. Rosenberg has reported extensively on Guantánamo Bay and SOUTHCOM since 2001, and her reporting included extensive coverage of General Kelly during his tenure at SOUTHCOM. Following the presidential election on November 8, 2016, Ms. Rosenberg believed General Kelly to be a potential candidate for a major national security role in the new administration.

11. Ms. Rosenberg understood that during and after his tenure at SOUTHCOM General Kelly corresponded with President Obama's chief policy advisor on homeland security issues, Lisa Monaco, and believed that this email correspondence could shed significant light on his views relevant to any national security role he would likely be offered.

**Plaintiffs' FOIA Request and the Denial of Expedited Processing**

12. Three days after the election, on November 11, 2016, Ms. Rosenberg submitted to defendant a narrow FOIA request, simply seeking "all emails by the former Southern Command commander retired Marine Gen. John F. Kelly to Lisa Monaco or those that also copied her on his correspondence" ("Plaintiffs' Request"). A true and correct copy of this request is annexed as Exhibit A.

13. Plaintiffs' Request stressed the time-sensitive nature of the information sought "given the sudden emergence of General Kelly as a potential candidate for a national security job in the Trump administration." Accordingly, it requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and DOD regulations promulgated thereunder, because a news organization was seeking information urgently needed to inform the public about federal government activity relating to a breaking news story.

14. Plaintiffs' Request was simultaneously submitted (a) by email to Marco T. Villalobos, Command FOIA Manager at SOUTHCOM; (b) via DOD's electronic portal; (c) by letter mailed to SOUTHCOM; (d) and by fax. Underscoring the time sensitive nature of Plaintiffs' Request, Ms. Rosenberg asked DOD to communicate any questions concerning it by phone rather than by mail.

15. On November 20, 2016, General Kelly met privately with President-elect Donald J. Trump to discuss a possible role in the Trump Administration.

16. Three days later, in an email from Marco T. Villalobos to Carol Rosenberg dated November 23, 2016, SOUTHCOM acknowledged receipt of Plaintiffs' Request and denied expedited processing, stating only that "a compelling need is not demonstrated." A true and correct copy of the denial of expedited processing is annexed as Exhibit B.

**Plaintiffs' Administrative Appeal**

17. On November 30, 2016, plaintiffs filed an urgent administrative appeal of defendant's denial of expedited processing. A true and correct copy of the administrative appeal is annexed as Exhibit C.

18. Their appeal emphasized that the records requested squarely qualified for expedited processing under FOIA because they constituted "actual federal government activity, sought on an urgent basis because of a compelling public interest to inform the public."

19. DOD has never acknowledged receipt of, or otherwise responded to, plaintiffs' administrative appeal. As of the date of filing of this Complaint, DOD has not produced the requested records.

20. More than twenty (20) business days have passed since plaintiffs submitted their administrative appeal, and they have exhausted their administrative remedies.

**The Compelling Public Interest in the Requested Records**

21. On December 7, 2016, President-elect Trump announced that General Kelly was his pick to head the Department of Homeland Security.

22. Before his confirmation hearing, General Kelly's background, fitness for the position, and past statements on national security issues became the focus of national media attention. This scrutiny revealed some potentially controversial views held by General Kelly, including his opinions about the nature of "our vicious enemy," who is "driven irrationally to our destruction," as well as his views about appropriate steps to tighten border security.

23. General Kelly's confirmation hearing was held on January 10, 2017, and he was confirmed as Secretary for the Department of Homeland Security by a Senate vote on January 20, 2017.

24. On information and belief, the email correspondence between General Kelly and Ms. Monaco sought by Plaintiffs' Request would have shed important light on issues debated throughout the period of General Kelly's nomination, investigation and confirmation. The timely release of this records as required by law could and should have informed the public debate surrounding General Kelly's nomination.

25. The records requested by plaintiffs remain relevant to issues of ongoing public interest, particularly given the Trump Administration's focus on matters of national security, homeland security, and immigration, many of which now fall under General Kelly's purview as Secretary of Homeland Security.

**FIRST CAUSE OF ACTION**
**(Violation of FOIA for failing to expedite Plaintiffs' Request)**

1. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

2. Defendant's refusal to expedite the processing of Plaintiffs' Request violates FOIA, 5 U.S.C. § 552(a)(6)(E), and defendant's regulations promulgated thereunder.

**SECOND CAUSE OF ACTION**
**(Violation of FOIA for failure to disclose records)**

3. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

4. Defendant's failure to make available and to release the records requested by plaintiffs violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A).

## RELIEF REQUESTED

**WHEREFORE**, plaintiffs respectfully pray that this Court:

    a.    expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

    b.    declare that defendant violated FOIA by not granting expedited treatment to the email records sought in Plaintiffs' Request;

    c.    enjoin defendant immediately and expeditiously to provide to plaintiffs the email records sought in Plaintiffs' Request;

    d.    award plaintiffs the costs of this proceeding, including reasonable attorneys' fees and costs; and

    e.    grant such other and further relief as the Court deems just and proper.

Dated:  March 10, 2017
        New York, NY

Respectfully submitted,

MEDIA FREEDOM & INFORMATION
   ACCESS CLINIC

By: /s/   David A. Schulz
David A. Schulz (Bar ID 459197)
321 W 44th Street, Suite #1000
New York, NY 10036
Tel: (212) 850-6100
Fax: (212) 850-6299
dschulz@lskslaw.com


John Langford, Supervising Attorney
Patrick Baker, Law Student Intern
Mark Doré, Law Student Intern
Yurij Melnyk, Law Student Intern
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5831
Fax: (203) 432-3034
john.langford@yale.edu

*Attorneys for Plaintiffs*