UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CAROL ROSENBERG and MIAMI HERALD    )
MEDIA COMPANY,                      )
                                    )
        *Plaintiffs*,                  )
                                    )
v.                                  )   No. 1:17-cv-437-APM
                                    )
U.S. DEPARTMENT OF DEFENSE,         )
                                    )
        *Defendant*.                  )
_____ )

**JOINT STATUS REPORT**

    Plaintiffs Carol Rosenberg and Miami Herald Media Company and Defendant U.S. Department of Defense respectfully submit this joint status report.

    This matter arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On November 11, 2016, Plaintiffs submitted a FOIA request to Defendant seeking "all emails by the former Southern Command commander retired Marine Gen. John F. Kelly to Lisa Monaco or those that also copied her on his correspondence." ECF No. 1-1. During General Kelly's tenure as Commander, U.S. Southern Command, Lisa Monaco served as Assistant to the President for Homeland Security and Counterterrorism in the Executive Office of the President and, before that, Assistant Attorney General for National Security at the U.S. Department of Justice. General Kelly was confirmed as Secretary of Homeland Security on January 20, 2017.

    Plaintiffs filed a complaint on March 10, 2017, and Defendant answered on April 27. ECF Nos. 1, 8. The Court then ordered the parties to submit a joint status report on or before May 12. ECF No. 9. In a May 4 minute order, the Court granted Defendant's

-1-

unopposed motion for an extension until May 19 in order to obtain information on the volume of responsive documents. ECF No. 10.

The parties have reached agreement on most, but not all, of the issues set forth in the Court's order. Defendant reports that it has completed its searches and identified 157 responsive documents totaling 259 pages. Defendant further reports that these documents currently are being processed for release of any non-exempt records subject to the FOIA. Under these circumstances, the parties agree that a request for a stay under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), is unlikely. The parties also agree that summary judgment briefing is not anticipated until production is complete, and propose to jointly submit a briefing schedule, if needed, seven days after the conclusion of a production schedule. But notwithstanding good faith efforts to confer, the parties have been unable to reach agreement on a production schedule.

The parties' respective positions on scheduling are set forth below.

## PLAINTIFFS' POSITION AND PROPOSAL

Given the small number of documents to be reviewed, Plaintiffs propose that all non-exempt records subject to the FOIA be released within one month, by **June 19, 2017**. No later than seven days thereafter, the parties, if necessary, will jointly submit a summary judgment briefing schedule, by **June 26, 2017**.

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). This purpose can be thwarted just as much by a delay in providing time-sensitive information as it can by an outright refusal. "[U]nreasonable delays in disclosing

non-exempt documents violate the intent and purpose of the FOIA." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (quoting *Long v. U.S. I.R.S.*, 693 F.2d 907, 910 (9th Cir. 1982)).

The emails that Plaintiffs requested over six months ago remain of immediate and ongoing public interest. The background of top officials in the Department of Homeland Security continues to be a prominent issue in the news. On Wednesday, May 17, 2017, David A. Clarke announced that he would accept a position as an Assistant Secretary of the Department of Homeland Security, an appointment that received significant attention and public debate. *See, e.g.*, Ron Nixon, *Polarizing Sheriff David Clarke Says He'll Take a Top Homeland Security Job*, N.Y. Times, May 17, 2017, https://www.nytimes.com/2017/05/17/us/politics/sheriff-david-clarke-homeland-security-job.html?_r=0; *Controversial Milwaukee Sheriff David Clarke Takes Job with Homeland Security*, CBS News (May 17, 2017, 5:29 PM), http://www.cnbc.com/2017/05/17/sheriff-david-clarke-says-he-takes-job-with-homeland-security.html. As the media covers the credentials and background of one of General Kelly's incoming senior advisors, his own background remains relevant and timely disclosure of the requested records is in the public interest.

Moreover, the emails are likely to shed light on General Kelly's views relevant to major initiatives and decisions the Department of Homeland Security will consider over the next several months. General Kelly has stated that he hopes the construction of a border wall will begin "by the end of the summer." Eugene Scott, *Kelly: Border Wall Construction by End of Summer*, CNN (Apr. 21, 2017, 3:21 PM), http://www.cnn.com/2017/04/21/politics/jeff-sessions-john-kelly-border-wall-cnntv/. Within the next three months, General Kelly will play an active role in the decision whether to extend Temporary

Protected Status to Haitian Refugees. Ben Remaly, *DHS Chief Kelly Asks for Criminal Histories of Thousands of Haitians Seeking to Stay in U.S.*, NBC News (May 13, 2017, 10:32 AM), http://www.nbcnews.com/news/us-news/dhs-chief-kelly-asks-criminal-histories-thousands-haitians-seeking-stay-n758881. In evaluating these actions by the Department, the public would get considerable value from information about the background of the Department's head.  Every day of delay in providing the requested emails irrevocably deprives the public of the ability to scrutinize these actions as they are ongoing.

While the difficulty in processing a FOIA request is relevant to the Court's consideration of the reasonableness of a delay requested by the government, in this case this point cuts in *favor* of Plaintiffs.  The universe of documents has already been narrowed to 259 pages. To the extent that processing these pages within a month would impose any burden at all on the Department, that burden would be considerably less onerous than burdens this Court previously has found to be required by FOIA.  In *Electronic Privacy Information Center v. United States Department of Homeland Security*, 218 F. Supp. 3d 27 (D.D.C. 2016), this Court ordered the Department to process a FOIA request at a rate of 1,500 pages per month, a rate over five times greater than Plaintiffs' request here.  In *Clemente v. Federal Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014), this Court ordered the FBI to process 5,000 pages a month, observing that the agency "has successfully processed documents at that rate in other cases." Here, by contrast, under the schedule proposed by Plaintiffs, the Department would have to review fewer than fifteen pages per business day.

Plaintiffs filed their FOIA request, seeking information of immediate public importance, over six months ago. Given the small scope of the request, to delay a response by three further months would plainly be unreasonable.

### DEFENDANT'S POSITION AND PROPOSAL

Defendant proposes to release all non-exempt records subject to the FOIA on a rolling production schedule in thirty-day cycles:

1. Defendant will make its first production of non-exempt records subject to the FOIA on **June 19, 2017**.

2. Defendant will make a second production of non-exempt records subject to the FOIA on **July 18, 2017**.

3. Defendant will make a final production of non-exempt records subject to the FOIA on **August 17, 2017**.

After production is complete, the parties will jointly propose a schedule for any briefing on summary judgment within seven days, no later than **August 24, 2017**.

Defendant regrets that it cannot process these records as swiftly as Plaintiffs request, but given the nature of the records at issue here, Plaintiff's proposed schedule is not administratively feasible. "In enacting the FOIA, Congress sought to balance the public's interest in governmental transparency against 'legitimate governmental and private interests that could be harmed by release of certain types of information.'" *United Techs. Corp. v. U.S. Dep't of Defense*, 601 F.3d 557, 559 (D.C. Cir. 2010) (quoting *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc)). To maintain this balance, Defendant has a "responsibility" when processing FOIA requests to "safeguard[] potentially sensitive information." *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 14 (D.D.C. 2015). Releasing records without sufficient time for processing "raises a significant risk of harm to the public and private interests

served by the thorough processing of responsive agency records prior to their ultimate production," particularly through "inadvertent disclosure of records properly subject to exemption under FOIA." *Id.* at 15.

In this case, Plaintiffs' request is for all correspondence from a combatant commander directly below the Secretary of Defense in the chain of command, 10 U.S.C. § 162, to one of the most senior national security officials in the Executive Office of the President and the U.S. Department of Justice, 28 U.S.C. § 507A. Plaintiffs point to current events at the Department of Homeland Security in support of their proposed schedule, but Plaintiffs' request is not limited to any particular issue germane to Secretary Kelly's current position—for example, border security or Haitian refugees. *Supra* at 3. Rather, Plaintiffs' request spans several years and contains no subject-matter limitation, potentially reaching very recent correspondence on a variety of national security matters. Defendant has a responsibility to carefully process these records in order to safeguard sensitive information. Ensuring that this obligation is met could entail extensive review of, and high-level consultation on, the contents of each record. And from Defendant's initial responsiveness review, it appears that at least some responsive documents are classified, which requires Defendant to determine whether each of these documents is properly classified. 5 U.S.C. § 552(b)(1).

Plaintiffs compare this case to two other FOIA matters litigated in this Court, but the defendants in those cases were different agencies and the requests involved different documents. Further, the rates Plaintiffs cite are not instructive as to the issues presented here. Plaintiffs observe that the Court once ordered the Department of Homeland Security to review documents at a rate of 1,500 pages per month. Order at 2, ECF No. 39, *EPIC v.*

*U.S. Dep't of Homeland Sec.*, No. 12-cv-333-GK (D.D.C. Jan. 8, 2013).  But that rate included an initial review for responsiveness, a faster process that leads to the exclusion of some documents, in addition to the processing of responsive documents for potential release, a painstaking and slower process.  *See id.*  In other words, many of the 1,500 pages could be excluded quickly as non-responsive or duplicative; the agency was not required to process 1,500 responsive pages for monthly release of any non-exempt records subject to the FOIA.  Here, every document in question is responsive, and every record subject to the FOIA must be processed before the release of any non-exempt portions, including a review for proper classification where appropriate.

Plaintiffs also rely on *Clemente v. Federal Bureau of Investigation*, 71 F. Supp. 3d 262 (D.D.C. 2014).  There, the Court ordered the FBI to process 5,000 pages per month, but the Court acknowledged that this rate was "higher than the rate would be in an ordinary case."  *Id.* at 269.  In requiring this unusual rate, the Court attached particular importance to the terminal illness of the requester, a researcher engaged in a lengthy investigation into alleged corruption at the agency.  The Court "reviewed [the requester's] medical records to verify the extent of her illness" and was "concerned that if the FBI processes documents at the rate it ha[d] proposed," the requester might "not be able to complete her important research."  *Id.*  This unusual case, involving a different agency, entirely different subject matter, and a terminally ill requester, simply is not instructive as to the issues here.

Defendant is working diligently to release to Plaintiffs any responsive, non-exempt records subject to the FOIA, but Defendant requires sufficient time to ensure that public interests are not harmed through inadvertent disclosure of exempt records that could contain highly sensitive and potentially classified national security information.  A rolling

production schedule over ninety days will permit Defendant sufficient time to thoroughly process these records while also making them promptly available.

Dated: May 19, 2017

Respectfully submitted,

MEDIA FREEDOM &
INFORMATION ACCESS CLINIC

*/s/ David A. Schulz*
David A. Schulz (Bar ID 459197)
321 West 44th Street
New York, NY 10036
Tel: (202) 850-6100
Fax: (212) 850-6299
dschulz@lsklaw.com

John Langford, Supervising Attorney
Eric Brooks, Law Student Intern
Patrick Baker, Law Student Intern
Mark Doré, Law Student Intern
Yurij Melnyk, Law Student Intern
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-8531
Fax: (202) 432-3034
john.langford@yale.edu

*Attorneys for Plaintiffs*

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

MARCIA BERMAN
Assistant Branch Director

> */s/ Daniel Halainen*
> DANIEL HALAINEN (MA Bar 694582)
> Trial Attorney, Federal Programs Branch
> U.S. Department of Justice, Civil Division
> 20 Massachusetts Avenue NW
> Washington, DC 20530
> (202) 616-8101 (office)
> (202) 616-8470 (fax)
> daniel.j.halainen@usdoj.gov
>
> *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on May 19, 2017, I electronically filed the foregoing status report using the Court's CM/ECF system, causing a notice of filing to be served on Plaintiffs' counsel of record.

> */s/ Daniel Halainen*
> DANIEL HALAINEN (MA Bar 694582)
> Trial Attorney, Federal Programs Branch
> U.S. Department of Justice, Civil Division
> 20 Massachusetts Avenue NW
> Washington, DC 20530
> (202) 616-8101 (office)
> (202) 616-8470 (fax)
> daniel.j.halainen@usdoj.gov
>
> *Attorney for Defendant*